IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02317-BNB

VRLINA NOZLIC,

    Plaintiff,

v.

DR. SAM ROMANO,
JOAN VAN DEWATER, and
AAHA HELPING PETS FUND, et al,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2011

GREGORY C. LANGHAM
                     CLERK

## ORDER OF DISMISSAL

Plaintiff, Vrlina Nozlic, initiated this action by filing a *pro se* Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 2, 2011. She has been granted leave to proceed *in forma pauperis*.

On September 16, 2011, Magistrate Judge Craig B. Shaffer determined that the Complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Ms. Nozlic was directed to file an Amended Complaint. Ms. Nozlic submitted two slightly different copies of her Amended Complaint to the Court on October 13, 2011. The Court has reviewed the allegations in both of the pleadings submitted by Ms. Nozlic.

The Court must construe the Amended Complaint liberally because Ms. Nozlic is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Ms. Nozlic has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons set forth below, the Amended Complaint and the action will be dismissed as legally frivolous.

In the Amended Complaint, Ms. Nozlic asserts six claims for relief. *See* Doc. # 6 at p. 4-6. Ms. Nozlic asserts jurisdiction pursuant to Title III of the Americans with Disabilities Act ("ADA") as well as supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. As background for her claims, Ms. Nozlic asserts that she brought her cat, which she identifies as a "service animal", to the VRCC emergency animal hospital on July 4, 2011. Doc. # 5 at p. 3. She alleges that her cat had a serious illness involving "urinary incontinence". *Id.* Ms. Nozlic explains as follows:

> [A]fter a few hours, the vet released the animal to go home with instructions to bring him back if the stress or condition persisted. The Plaintiff had to bring the animal back within 45 minutes of his release. . . . Even though the Plaintiff had paid for the first procedure in full at the time

2

> of release, the vet now insisted on an estimate three times the previous cost to be paid in full before any further life saving actions or procedures took place. Even though the animal was in over all good health . . . if the Plaintiff refused, the animal would be retained and euthanized at the Plaintiff's expense without further treatment. This was asked as the Plaintiff is a low income/disabled individual. The Plaintiff paid up front and the animal was left overnight.

*Id.* at 3-4.

In addition, Plaintiff also alleges that the named Defendants failed to assist her in obtaining a "low income Grant Application" to help pay for the animal's medical care. *Id.* at 4.

As her first claim for relief, Plaintiff asserts that the Defendants failed to "see to the service animal's 'severe immediate emergency needs' in a timely manner" in violation of "Colorado Cruelty to Animals Statute Title 18 Article 9 Part 2." Doc. # 6 at p. 4. As her second claim for relief, Plaintiff asserts that she was required to "pay-up front in full before the second procedure began as it was assumed that [she] would not or could not pay upon completion of any and all procedures". Third, Plaintiff alleges that she received "unequal treatment because of low income/disability status". Fourth, Plaintiff alleges that the Defendants' failed to "cooperate with [her] in the completion and submission of said Grant Application". Fifth, Plaintiff asserts that Defendants overcharged her because they did the same procedure twice. Finally, as her Sixth Claim, Plaintiff asserts that Defendants threatened her with arrest, and forced her to leave the premises. In Claims Two through Six, Plaintiff asserts that her rights under Title III of the ADA were violated. As relief, Plaintiff requests that she be reimbursed for the veterinary care in the amount of $1,197.39.

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation. *See* 42 U.S.C. § 12182(a); ***Colorado Cross Disability Coalition v. Hermanson Family Ltd. P'ship I,*** 264 F.3d 999, 1001 (10th Cir. 2001). Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *Id.* § 12182(a). The ADA provides a private right of action for preventative relief, including an application for a permanent or temporary injunction or restraining order for "any person who is being subjected to discrimination on the basis of a disability in violation of" Title III. *Id.* §§ 12182(a)(1), 2000a-3(a).

A plaintiff alleging discrimination under Title III must show that: (1) she is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) that the plaintiff was denied full and equal enjoyment because of her disability. *See, e.g.,* ***Hand v. Walnut Sailing Club***, 2010 WL 5391520, at *3 (D. Colo. Dec. 21, 2010) (unpublished opinion). A disability within the meaning of the ADA requires proof that an individual has an impairment that limits one or more of her major life activities, has a record of such an impairment, or is regarded as having such an impairment. 42 U.S.C. § 12102(2). A "disability" under the ADA requires more than a diagnosis of physical or mental impairment. *See **Toyota Motor Mfg. v. Williams***, 534 U.S. 184, 198 (2002).

Thus, a plaintiff must ultimately provide either an actual or perceived substantial limitation in a major life activity to prevail on a claim under the ADA.

In this case, Plaintiff fails to identify any disability protected under the ADA because she fails to allege that she has an impairment that limits one or more of her major life activities. Further, she fails to allege that she was denied full enjoyment of the VRCC because of any disability. Plaintiff's allegations that she was forced to provide payment in advance or that she was overcharged for veterinary care because of her "low income status" do not establish that she was denied full enjoyment of the VRCC on the basis of a disability. Therefore, Plaintiff has failed to asserts facts that would support an arguable claim under Title III. In addition, her claims under Title III of the ADA must necessarily fail because Ms. Nozlic seeks only damages, and Title III limits the remedy of a private claim to injunctive relief. *See* 42 U.S.C. § 12188(a)(1); *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2nd Cir. 2004) (explaining that "[a] private individual may only obtain injunctive relief for violations of a right granted under Title III").

Finally, Ms. Nozlic asserts supplemental jurisdiction over Claim One, which appears to allege a number of violations of Colorado state law. Nonetheless, the Court declines to exercise supplemental jurisdiction over Ms. Nozlic's state law claim because the claims over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that the Court declines to exercise supplemental jurisdiction over Ms. Nozlic's state law claim. It is

FURTHER ORDERED that the Amended Complaint and action are dismissed as legally frivolous. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 28th day of October, 2011.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02317-BNB

Vrlina Nozlic
5829 S. Datura St. #501
Littleton, CO 80120

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on October 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk